In re James D. JONES, Jr., Carolyn B. Jones, Debtors.

Bankruptcy No. 80–01267.

United States Bankruptcy Court, E. D. Virginia, Richmond Division.

Aug. 3, 1981.

Douglas O. Tice, Jr., Richmond, Va., for Trustee in Bankruptcy, applicant.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

Douglas O. Tice, Jr., the duly appointed attorney for Harry Shaia, Jr., Trustee in Bankruptcy for James D. Jones, Jr. and Carolyn B. Jones, filed an Application for Compensation in the amount of $5,575.50 and reimbursement of expenses in the amount of $242.93. After notice and hearing on June 22, 1981, this Court makes the following findings of fact and conclusions of law.

The Application for Compensation is an interim application for services rendered by the applicant to the Trustee in Bankruptcy from October 13, 1980 through May 27, 1981. As part of the attorney's application, Mr. Tice appended a type-written extract of

his time records and attached to that is a list on several sheets of legal size paper, which list is a chronological sequence of data relating to services rendered to the estate from the time immediately preceding his appointment to May 27, 1981. Generally, the time expended for each day is totalled and placed in a column opposite the date and services rendered column. The services rendered for any particular date are briefly stated. Rarely, however, is it stated with any particularity and in most instances it is not possible to ascertain how much time was expended on each of several matters relating to the estate on any given date. It becomes difficult, if not impossible, to ascertain what services have been rendered. The entry of October 15, 1980, is exemplary. It is as follows:

| Hours | Date | |
|-------|------|---|
| .50 | 10–15–80 | Attorney made telephone calls, worked on Notice to Sell Property (unit 602) |

There is no indication of the time expended on the telephone calls nor to whom they were made or the purpose of those calls. On October 14, 1980, the resume indicates that the service rendered was a telephone call to an attorney in Virginia Beach. A telephone number followed that statement. On October 16, the resume indicates that the service rendered was telephone calls to Virginia Beach. The same telephone number is indicated. On October 17, the service rendered was telephone calls to an attorney in Virginia Beach. The same telephone number is shown. There is no indication of the purpose of these calls. This type of deficiency exists in essentially the entire compilation of the attorney's time records.

In the period from October 28 to October 30, 1980, counsel for the Trustee indicated he expended 8.5 hours of time for services to the estate. With the exception of an unknown portion of that time related to reviewing of files and telephone calls, the balance of time, likewise unknown, related to the preparation of an adversary complaint to sell real estate and to a meeting with "personnel of bankruptcy court" to review documents. This Court presumes that it was personnel of the Clerk's Office that reviewed the documents. If this meeting was for the purpose of procuring advice from the Clerk's Office, it was inappropriate and is viewed with disfavor by this Court. At the hearing, counsel admitted to a lack of expertise in the preparation of that type of adversary proceeding as an explanation for the length of time required to prepare the complaint. Not knowing what time was expended on the other services on that date, it is not possible to ascertain the amount of time consumed in the preparation of the complaint. In the sale of a similar parcel of property on April 27, 1981, counsel for the Trustee logged 2.25 hours in the preparation of a similar complaint in addition to other time involved in correspondence and telephone calls.

Of all the time recorded by counsel for the Trustee, the court time reflected in his time records consisted of 1.50 hours on April 20, 1981. That hearing involved the rights of two prospective purchasers to acquire property from the bankruptcy estate and arose out of applicant's negotiations with those purchasers.

The recitals in the time records, minimal as they are, also lead this Court to believe that some portion of the time expended related to non-attorney work and some portion of the time need not have been expended by an attorney but was the probable duty of the Trustee in Bankruptcy.

## CONCLUSIONS OF LAW

Local Bankruptcy Rule 24 applicable to the Eastern District of Virginia is as follows:

"APPLICATION FOR COMPENSATION

All parties, other than trustees, in presenting applications for allowance shall file with the Court an itemized statement of each item of service for which they claim compensation, stating fully the character of the services rendered, the length of time necessarily consumed, and their estimate of its value. Attached to any such applications shall be the time schedules maintained by the par-

ty which shall show the specific date, services rendered or performed and the exact time involved."

11 U.S.C. § 503(b)(4) (Bankruptcy Code) provides that there shall be "reasonable compensation for professional services rendered by an attorney . . . based on the time, the nature, the extent, the value of such services, and the cost of comparable services other than in a case under this title . . . ."

■ With the exception of the qualification in § 503(b)(4) that the cost of comparable services other than a case under this title be considered, the criteria set down in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974) clearly states the factors to be considered incidental to the allowance of compensation. These factors are as follows:

"(1) The time and labor required; (2) The novelty and difficulty of the questions; (3) The skill requisite to perform the legal service properly; (4) The preclusion of other employment by the attorney due to acceptance of the case; (5) The customary fee; (6) Whether the fee is fixed or contingent; (7) Time limitations imposed by the client or other circumstances; (8) The amount involved and the results obtained; (9) The experience, reputation, and ability of the attorneys; (10) The 'undesirability' of the case; (11) The nature and length of the professional relationship with the client; (12) Awards in similar cases." *Johnson v. Georgia Highway Express, Inc., supra* at 717–719.

■ Although appropriate notice was given, no party in interest appeared at the hearing to object to the award for attorney's fees. It is the Court's duty to correctly ascertain the amount to be awarded. To this end, it is the attorney's obligation to keep and submit to the Court time records supporting an application for compensation, and it is the Court's independent obligation to give credit *only* where there are supporting documents, even in cases where no interested parties raise objection to the claim. *In re Meade Land and Development Co., Inc.,* 527 F.2d 280 (3rd Cir. 1975). The time record submitted by counsel fails to meet the test of adequacy. Often there is no indication of the nature and substance of the telephone calls and letters. As previously stated, compensation can only be awarded when based upon supporting documents. Adequate time records are essential to the Court in carrying out its duty to determine how much work was productive or necessary. *See, Matter of Hamilton Hardware Co., Inc.,* 7 B.C.D. 963 at p. 966, 11 B.R. 326 (Bkrtcy.E.D.Mich.1981).

■ In applying the twelve-point test set out in *Johnson v. Georgia Highway Express, Inc., supra,* which has been adopted by a number of circuits, including this circuit (*See, e. g., Barber v. Kimbrells,* 577 F.2d 216 (4th Cir. 1978)), this Court believes that compensation for travel time, negotiations, preparation of legal documents and actual trial time need not be at the same hourly rate. In the *Matter of Piedmont Development and Investment Corporation,* 3 B.C.D. 97 (N.D.Ga.1976). Of all time scheduled by counsel, only 1.5 hours relate to court time, and even in that particular instance, the Trustee was merely seeking guidance from the Court as to which offer to accept in the sale of real estate. The prospective purchasers were the real parties in interest alleging they each had enforceable agreements with the Trustee in Bankruptcy.

■ A great number of the applicant's entries relate to contract negotiations for the disposition of property of the estate. Although these services need not necessarily require legal talent, to the extent this Court can ascertain the amount of services that can be reasonably related to the attorney's negotiations for sale of property owned by the Debtors, and in the absence of any evidence to the contrary that attorney advice was unnecessary, this Court is justified in finding that those activities constituted compensable legal services. *In re Meade Land and Development Co., Inc., supra.*

■ In a careful review of the time records and in granting allowances only where there has been a certain compliance with

the rules and Code provisions heretofore set out and in light of the authorities cited, this Court in application of those requirements finds that actual time properly documented to be 63.4 hours for which this Court believes the services rendered warrant compensation in the amount of $4,300.00.